IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT LAVONNE WIGGINS, § | | |
| TDCJ No. 1370636, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:23-cv-2598-D-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Herbert Lavonne Wiggins was convicted of aggravated sexual assault and sentenced to life imprisonment, and, after his state conviction became final, he unsuccessfully challenged it in federal court under 28 U.S.C. § 2254. *See Wiggins v. Thaler*, No. 3:10-cv-61-P, 2010 WL 5093943 (N.D. Tex. Oct. 19, 2010), *rec. accepted*, 2010 WL 5093942 (N.D. Tex. Dec. 14, 2010).

Since this initial denial, Wiggins has made numerous attempts to obtain relief under Section 2254. *See, e.g.*, *Wiggins v. Lumpkin*, No. 23-10060, 2023 WL 3674350 (5th Cir. Mar. 3, 2023) (per curiam).

Recently, he returned to federal district court to attack his state conviction under Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 3.

Senior United States District Judge Sidney A. Fitzwater referred Wiggins's filing to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned has entered findings of fact and conclusions of law

recommending that the Court construe the Rule 60(b) motion as a Section 2254 application and, after doing so, because Wiggins's filing is an unauthorized successive petition, dismiss the application for lack of jurisdiction [Dkt. No. 6] (the "FCR").

Wiggins filed objections to the FCR. *See* Dkt. No. 7.

And Judge Fitzwater re-referred this matter to the undersigned "to address petitioner's objections and, if appropriate, enter an amended recommended disposition." Dkt. No. 8.

## Discussion

As set out in the FCR, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *see also Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022).

Through his objections, Wiggins does not urge the Court to reject the undersigned's finding that Wiggins's filing does neither.

But he does reassert that the current attack on his state conviction, the basis for which he claims he first discovered in 2021, should not be considered successive because that attack has yet to be considered on its merits:

> So petitioner was not asserting claims already considered, how could they when they were not discovered until 2021. And petitioner claim

> them and the claims have not been adjudicated on the merits by any court. So therefore, the rule of procedure 60(b) states that any evidence which Wiggins claims for the first time should be construed as a 60(b) motion not a habeas proceedings.

Dkt. No. 7 at 2-3.

The claimed newly discovered evidence as set out in the habeas application is that Wiggins first learned in 2021 that his defense counsel labored under a conflict of interest. *See, e.g.*, Dkt. No. 3 at 2 ("Because petitioner counsel traded him to prosecutor for another client. All of the official in Ellis county courts were fired and indicted for extortion, money laundering, racketeering and embezzlement, just to name a few charges that was brought against them.").

While Wiggins provides no evidence to support these assertions, even if the Court were to accept them as true for present purposes, the basis for this collateral attack – the claimed conflict of interest – existed (and the associated claims were ripe) when Wiggins filed his initial Section 2254 petition, as Wiggins fails to indicate an ensuing event exists that could serve as the basis for these claims, such as a subsequent court order or judgment concerning the claimed conflict.

So the present claims, allegedly not discovered until 2021, are successive even though Wiggins asserts that he was unaware they existed when he filed his first federal habeas petition. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) ("In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later

petition based on that defect may be non-successive.").

A stark example of this principle is where a later petition presents a claim that exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). By its nature, such a claim may not have been discoverable when an initial petition was filed. But it nevertheless existed. "Thus, a petitioner asserting a newly discovered *Brady* claim in a successive habeas case must pass the tests of [28 U.S.C. §] 2244(b)(2) before a federal court may reach the merits." *Blackman v. Davis*, 909 F.3d 772, 778 n.2 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1215 (2019).

As the district court explained in transferring Blackman's habeas application presenting *Brady* claims for the first time to the United States Court of Appeals for the Fifth Circuit, because the district court lacked jurisdiction,

> [i]t could be argued that Petitioner could not have raised the claims related to suppressed evidence when she filed her earlier federal petitions in 2002 and 2004 since she did not know she had such claims – because, until 2008, the Dallas County District Attorney's Office did not have an open file policy as to habeas writs.
> But, even if the Court accepted this argument, this petition is nevertheless successive because the claims therein are "based on facts that were merely undiscoverable." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (applying *Leal Garcia* to find that, there, the numerically second federal habeas petition fell "within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive.... [There,] the facts indicating there might be flaws in Stewart's Georgia convictions existed in 2004[, when he filed his first federal habeas petition,] but the *basis* for [the claim presented in numerically second federal habeas petition] – [an] order vacating [certain] predicate convictions – did not exist until July 2, 2008." (emphasis in original)); *see Crawford v. Minnesota*, 698 F.3d 1086, 1089, 1091 (8th Cir. 2012) (affirming the district court's conclusion that because petitioner's second application was successive, "preauthorization is required for *Brady* claims" and noting the district court "did not want to 'encourage misbehavior' by prosecutors or other state actors[, but i]n the end it concluded that AEDPA's

> preauthorization procedures provide Crawford with federal review of his claim"). Here, under *Leal Garcia*, Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable. *See Leal Garcia*, 573 F.3d at 221-22.

*Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) (citations omitted); *see also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("[E]ven though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)).

For these reasons, the Court should overrule Wiggins's objections. And, for the reasons set out in the FCR as supplemented above, the Court should dismiss the construed successive habeas application for lack of jurisdiction.

**Recommendation**

The Court should overrule Petitioner Herbert Lavonne Wiggins's objections [Dkt. No. 7] to the November 29, 2023 findings of fact, conclusions, and recommendation [Dkt. No. 6] and dismiss the construed application for writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. No. 3] without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE